1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARRYL A. SCHLAPPI,                    No. CIV S-08-1707-MCE-CMK-P

12            Petitioner,

13      vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   CLAUDE FINN,

15            Respondent.

16   _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2006.  Pending

19   before the court are petitioner's petition for a writ of habeas corpus (Doc. 1), respondent's

20   answer (Doc. 17), and petitioner's reply (Doc. 18).

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

1         Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th

2   Cir. 2010) (en banc), the United States Supreme Court recently observed:

3           Whatever liberty interest exists [in parole] is, of course, a *state*
    interest.  There is no right under the Federal Constitution to be
4   conditionally released [on parole] before the expiration of a valid sentence,
    and the States are under no duty to offer parole to their prisoners.  <u>Id.</u> at 7.
5   When, however, a State creates a liberty interest, the Due Process Clause
    requires fair procedures for its vindication – and federal courts will review
6   the application of those constitutionally required procedures. . . .

7   <u>Swarthout v. Cooke</u>, 562 U.S. ___, 2011 WL 197627, at *2 (Jan. 24, 2011) (per
    curiam) (citing  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>,
8   442 U.S. 1, 7 (1979)) (emphasis in original).

9   The Court held:

10        . . . In the context of parole, we have held that the procedures
    required are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a
11  parole statute similar to California's received adequate process when he
    was allowed an opportunity to be heard and was provided a statement of
12  the reasons why parole was denied. 442 U.S. at 16.  "The Constitution,"
    we held, "does not require more."  <u>Ibid.</u>  Cooke and Clay received at least
13  this amount of process: They were allowed to speak at their parole
    hearings and to contest the evidence against them, were afforded access to
14  their records in advance, and were notified as to the reasons why parole
    was denied.  (citations omitted).
15        That should have been the beginning and the end of the federal
    habeas courts' inquiry into whether Cook and Clay received due
16  process. . . .

17        <u>Id.</u>

18  The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule

19  into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's

20  'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

21  correctly applied" because "a 'mere error of state law' is not a denial of due process."  <u>Id.</u> (citing

22  <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole,

23  the only issue subject to federal habeas review is whether the inmate received the procedural due

24  process protections of notice and an opportunity to be heard.  There is no other clearly

25  established federal constitutional right in the context of parole.

26  / / /

1          In this case, petitioner claims that his federal due process rights were violated

2   because the denial of parole was not based on "some evidence."  As discussed above, it is not the

3   place of the federal court to rule on how California's "some evidence" parole standard has been

4   applied except to inquire as to the basic procedural guarantees.  To the extent petitioner claims

5   that he was denied procedural protections required by the federal constitution, the record clearly

6   establishes that petitioner was provided with the basic Greenholtz protections of notice and an

7   opportunity to be heard.  Because the federal constitution requires nothing more in the parole

8   context, the petition must be denied.

9          Based on the foregoing, the undersigned recommends that petitioner's petition for

10  a writ of habeas corpus (Doc. 1) be denied.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  Responses to objections shall be filed within 14 days after service of

15  objections.  Failure to file objections within the specified time may waive the right to appeal.

16  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED:  February 7, 2011

19                                          _____
                                            CRAIG M. KELLISON
20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26